[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15487
Non-Argument Calendar

_____

D. C. Docket No. 07-22344-CV-PCH

BRUCE A. LAWRENCE, SR.,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY STATE ATTORNEY OFFICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 2, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Bruce A. Lawrence, a state prisoner proceeding *pro se*, filed a petition for a writ of mandamus in district court. Lawrence sought relief related to an ongoing state case. Finding a federal district court may not issue a writ of mandamus against state officers or interfere with, or dismiss, an ongoing state criminal case, the district court *sua sponte* dismissed the petition, pursuant to 28 U.S.C. § 1915, because Lawrence failed to state a claim.

Lawrence does not challenge the district court's findings of law regarding the denial of his petition for a writ of mandamus, but rather merely repeats the factual allegations underlying the petition. Accordingly, he has waived any argument the district court erred when it dismissed his petition. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding when a party "elaborates no arguments on the merits as to [an] issue in its initial or reply brief . . . the issue is deemed waived").

Even if the argument is not waived, "federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971).[1] Because the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.

As for the request to dismiss the state case, a federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances. *See Younger v. Harris*, 91 S. Ct. 746, 750 (1971). Under the *Younger* abstention doctrine, to justify federal intervention, a petitioner "must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts." *Allee v. Medrano*, 94 S. Ct. 2191, 2210 (1974). Lawrence's state criminal case was still pending and he made no showing of manifest bad faith that is great, immediate, ane irreparable, or lack of meaningful access to the state court. Thus, the district court could not interfere in the state case.

**AFFIRMED.**